UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH D. JONES and<br>EDWARD SCHIMENTI | No. 17 CR 236<br><br>Hon. Andrea R. Wood |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS
COUNT ONE OF THE SUPERSEDING INDICTMENT**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits its response to defendants Joseph D. Jones and Edward Schimenti's motion to dismiss Count One of the superseding indictment, which charges them with conspiring and attempting to provide material support and resources to a designated terrorist organization (Dkt. #85).

**I.  BACKGROUND**

Between February and April 2017, defendants conspired and attempted to provide material support and resources—specifically, personnel and cell phones—to the Islamic State of Iraq and al Sham ("ISIS"), a designated foreign terrorist organization. Specifically, defendants each provided cell phones for the purpose of making improvised explosive devices to an individual who, unbeknownst to defendants, was a confidential human source for the FBI (the CHS). Moreover, defendants worked together to prepare and support the CHS's purported travel overseas to fight on behalf of ISIS.

Defendants were charged with violating Title 18, United States Code, Section 2339B(a)(1), the charge they challenge in the instant motion to dismiss. In addition, defendant Schimenti has been charged with making false statements involving international terrorism to the Federal Bureau of Investigation, in violation of Title 18, United States Code, Section 1001(a)(2).

## II. ARGUMENT

Defendants' claims that the statute under which they are charged in Count One, 18 U.S.C. § 2339B, is void for vagueness, overbreadth, or both, are flatly incorrect and should be rejected by the Court. These defendants are being prosecuted for conspiring and attempting to provide material support and resources, in the form of cell phones and a recruited individual (CHS), to ISIS, not independent advocacy of, or mere association with, ISIS. Because their conduct is "clearly proscribed," they may not complain that the statute under which they are being prosecuted, § 2339B, may be vague in some other situations. Nor does § 2339B chill expressive activity, which is fatal to defendants' claim of unconstitutional overbreadth.

### A. Legal Principles

#### 1. Vagueness

Convicting someone of violating a criminal law that is unconstitutionally vague violates that person's Fifth Amendment right to due process of law. *Johnson v. United States*, 135 S. Ct. 2551 (2015). A criminal statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory

enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) (internal quotation marks omitted).

Courts analyze vagueness challenges as applied to the particular facts of the case before it. "We consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Id.* at 18–19 (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)). "A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Hoffman Estates*, 455 U.S. at 495. Defendants concur that their vagueness claim in this case is limited to their own conduct. Dkt. #85 at 11–12 ("Accordingly, the material support statute is void for vagueness as applied to Mr. Schimenti and Mr. Jones in this case."). Vagueness challenges are decided by analyzing the facts of the case in which the vagueness challenge was made. As such, defendants' hypotheticals about fact situations that might come up if other defendants were being prosecuted in other cases are irrelevant. Because the actions of defendants in this case were "clearly proscribed," their vagueness challenge fails.

### 2. Overbreadth

A criminal law is overbroad if it prohibits a substantial amount of protected speech. *United States v. Williams*, 553 U.S. 285, 292 (2008). Unlike vagueness, which implicates Fifth Amendment due process rights, overbreadth is concerned with the inhibition of First Amendment-protected speech, balanced against the protection of

society that results from properly designating as criminal certain types of behavior. *See id.* (describing the importance of maintaining an "appropriate balance" between protecting against "inhibiting the free exchange of ideas" and the "harmful effects" of invalidating "a law directed at conduct so antisocial that it has been made criminal"). Accordingly, a statute's overbreadth must be substantial, "not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Id.* In analyzing an facial challenge for overbreadth, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Hoffman Estates*, 455 U.S. at 494.

Because 18 U.S.C. § 2339B does not proscribe protected speech at all, it is not overbroad. In particular, this prosecution does not seek to punish defendants for what they say, but, rather, uses defendants' speech only as evidence, a use of speech that the Supreme Court has upheld against First Amendment challenges. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) ("The First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent."); *see also United States v. Rahman*, 189 F.3d 88, 118 (2d Cir. 1999) (applying this principle to the terrorism context). Defendants' overbreadth claim fails.

### B. 18 U.S.C. § 2339B is Not Vague as Applied to the Conduct of These Defendants.

#### 1. The Statutory Definition of "Terrorist Activity" is Not Vague as Applied to These Defendants.

The defendants' chief complaint about the supposed vagueness of the Immigration and Nationality Act's ("INA") definition of "engaging in terrorist

4

activity" seems to be that the definition does not have a clause limiting its reach to politically-motivated violence. Defendants, however, can point to no constitutional requirement that Congress punish only support of politically-motivated violence. Regardless, the question of whether the statutory definition of "terrorist activity" is vague because it lacks a political motivation clause is a question for another case; even if there were such a requirement, it would be met here, given that the ISIS violence that defendants conspired and attempted to support serves that organization's political agenda. Here, the government has charged defendants Jones and Schimenti with providing cell phones to the CHS in order for ISIS to use them in improvised explosive devices and with preparing and supporting the CHS in the CHS's purported attempts to join ISIS. Defendants were "given sufficient notice that [their] conduct"—attempting to provide materials and personnel to ISIS—"[wa]s within the proscription of the statute." *United States v. Marzook*, 383 F. Supp. 2d 1056, 1064 (N.D. Ill. 2005) (St. Eve, J.) (internal quotation marks omitted); *see also United States v. Ahmed*, 94 F. Supp. 3d 394, 421 (E.D.N.Y. 2015) ("Because the use of the phrase 'engages in terrorist activity' is not vague, it defines the offense with sufficient clarity to allow ordinary people to understand what conduct is prohibited and is sufficiently definite that it does not permit arbitrary or discriminatory enforcement."). In an as-applied vagueness challenge, that is conclusive.

### 2. The Statutory Definition of "Material Support" in the Form of "Personnel" is Not Vague as Applied to These Defendants.

Defendants' argument that the supposed ambiguity as to ISIS's status in terms of whether it is a national state makes the definition of "material support" in the form of "personnel" vague has no merit under U.S. law. Defendants offer the hypothetical that simply traveling to ISIS-controlled areas of Syria may constitute "material support" because someone within the territory of a nation is subject to that nation's "direction or control." 18 U.S.C. § 2339B(h). This then is supposedly in tension with *Humanitarian Law Project*'s holding that § 2339B does not prohibit mere membership. This argument is premised on there actually being ambiguity as to ISIS's status. Under the only definition that matters for this case, the one provided by U.S. law, there is no ambiguity. Under the laws of the United States, ISIS is not recognized as a national entity.

As applied to defendants, this is merely an academic point. Defendants are charged with providing cell phones with the belief and understanding that they would be transported to ISIS-controlled territory for use in assembling improvised explosive devices to conduct violent attacks, as well as preparing and supporting the CHS in purportedly planning to travel overseas to fight on behalf of ISIS. In neither of these forms of material support is there a question of mere travel to ISIS-controlled territory for non-violent purposes.

Defendants further claim that "material support" is vague because the individuals with whom they interacted, the UCs and the CHS, were not members of

ISIS. Accordingly, they assert, "none of their actions can be characterized as being 'under the control of ISIS.'" Dkt. #85 at 11. Defendants misunderstand how the standard of being under a terrorist organization's "direction or control" applies to their case. It is not an element of the charged offense that defendants were under the direction or control of ISIS. The requirement of being under a terrorist organization's "direction or control" relates to the "personnel" being provided as "material support"; personnel is not limited to the defendants. Rather, defendants are charged with conspiring and attempting to provide the CHS as personnel for ISIS. In other words, defendants are charged with trying to send the CHS to Syria to subject the *CHS* to ISIS's "direction or control."

Finally, defendants claim that the "plain language" of § 2339B fails to give adequate notice "as to what type of individual they cannot interact with unlawfully." Dkt. #85 at 7. As applied here, the defendants are not being charged with unlawful interactions with particular individuals. As defendants point out in their motion, the UCs and the CHS are not members of ISIS, nor did they claim to be. The charged offense is that the defendants conspired and attempted to send cell phones to ISIS-controlled territory for use as improvised explosive devices and helped prepare and support someone they believed wanted to join ISIS. Defendants' conduct, plainly, was clearly proscribed under § 2339B, as material support includes the provision of explosives. *See* 18 U.S.C. § 2339A(b)(1). *See Marzook*, 383 F. Supp. 2d at 1066 (holding that § 2339B is not unconstitutionally vague as applied to defendant, where

7

defendant was charged with recruiting an individual to join a terrorist organization). Defendants' vagueness challenges are unavailing and should be rejected by this Court.

### C. 18 U.S.C. § 2339B is Not Overbroad.

To prevail on their overbreadth claim, the defendants must show that 18 U.S.C. § 2339B prohibits a "substantial" volume of activity protected by the First Amendment. They have failed to do this.

Section 2339B does not "punish[] a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep." *Virginia v. Hicks*, 539 U.S. 113, 118 (2003) (internal quotation marks omitted). The Supreme Court has made clear that an overbreadth challenge will "[r]arely, if ever, . . . succeed" if, as in this case, the statute is addressed to conduct rather than speech. *Id.* at 124. In particular, in *Humanitarian Law Project*, the Supreme Court held that § 2339B does not prohibit independent advocacy or expression. 561 U.S. at 26. "Rather, Congress has prohibited 'material support,' which most often does not take the form of speech at all." *Id.*

Defendants' attempt to argue that the INA's definition of "terrorist activity" somehow runs afoul of *Humanitarian Law Project* by supposedly encompassing "independent advocacy and mere membership" misses the mark. Essentially, defendants assert, because the INA's definition of "terrorist activity" prohibits, among other things, "solicit[ing] any individual" to "engage in conduct otherwise described in this section" and "for membership in a [designated Foreign Terrorist

8

Organization]," 8 U.S.C. § 1182(a)(3)(B)(iv)(V)(aa), (bb), that constitutes criminalizing activity that may raise First Amendment concerns.

Defendants misunderstand the distinction that the Supreme Court drew in *Humanitarian Law Project*. The Court distinguished between independent advocacy or passive membership on the one hand, and active conduct on behalf of a terrorist organization on the other. The former is not material support; the latter is. If a person is soliciting new members on behalf of a terrorist organization, he is not a "mere" member—nor does he even have to be a member of the terrorist organization at all. He is a recruiter, and his recruitment activity is material support of the terrorist organization. This statute thus does not somehow contradict *Humanitarian Law Project*'s observation that "mere" membership is not criminalized under § 2339B. The "terrorist activity" prohibited under § 2339B is conduct, not speech. "'[T]he Defendants aren't charged with what they said. They are charged for what they did'"—attempting to send cell phones and a recruit to ISIS. *United States v. El-Mezain*, 664 F.3d 467, 539 (5th Cir. 2011) (quoting the government's closing argument in denying First Amendment challenge to jury charge). Defendants' "recitation of the applicable legal standards and [their] conclusory declaration that § 2339B is overbroad do not come close to carrying th[eir] burden" of "demonstrat[ing] '*substantial*' infringement of speech." *United States v. Farhane*, 634 F.3d 127, 137 (2d Cir. 2011) (emphasis in original); *see also United States v. Warsame*, 537 F. Supp. 2d 1005, 1016 (D. Minn. 2008) ("While the prohibitions of § 2339B may include some

limited expression protected under the First Amendment, the Court cannot conclude that § 2339 punishes a substantial amount of free speech in relation to its plainly legitimate sweep.").

Finally, although overbreadth claims are measured against the amount of constitutionally-protected speech that may be proscribed by a statute, and not, as in the case of vagueness, necessarily by examining the specific conduct of the defendants in the case at bar, it is worth noting that the prosecution now before this Court does not seek to criminalize the defendants' speech. A defendant's free speech rights are not abridged when the things he says are used against him. The First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). This rule is not altered in federal terrorism prosecutions. *See, e.g., United States v. Rahman*, 189 F.3d 88, 118 (2d Cir. 1999) ("[W]hile the First Amendment fully protects [defendant]'s right to express hostility against the United States, and he may not be prosecuted for so speaking, it does not prevent the use of such speeches or writings in evidence when relevant to prove a pertinent fact in a criminal prosecution."). Here, defendants are charged with attempting to provide material support in the form of cell phones and a recruited individual (CHS) to ISIS, not any protected speech under the First Amendment, but such speech can certainly be used as evidence of the defendants' motives.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny defendants' motion to dismiss Count One of the superseding indictment.

                                            Respectfully submitted,

                                            JOHN R. LAUSCH, JR.
                                            United States Attorney

By:    */s/ G. David Rojas*
        BARRY JONAS
        RAJNATH LAUD
        G. DAVID ROJAS
        Assistant U.S. Attorneys
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300