UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH D. JONES and<br>EDWARD SCHIMENTI | No. 17 CR 236<br><br>Hon. Andrea R. Wood |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

The UNITED STATES OF AMERICA, by and through its attorney JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits these consolidated motions *in limine*.

**I. Evidence or Arguments Alleging Mental Defect, Public Authority, Coercion, or Entrapment**

Under the Federal Rules of Criminal Procedure, a defendant is required to provide the government with notice of any defense to be raised of a mental defect inconsistent with the state of mind required for the offense charged (Rule 12.2) and notice of any defense to be raised of public authority (Rule 12.3). Because defendants have not notified the government of its intent to raise any such defense or a variation thereof, the government requests that defendants be prohibited from introducing evidence or argument of such defenses at trial.

Likewise, the Seventh Circuit has held that in cases in which defendants cannot set forth *prima facie* evidence sufficient to demonstrate a viable entrapment issue, they should not be permitted to present the defense at trial. *See, e.g.*, *United States v. Mayfield*, 771 F.3d 417, 442–43 (7th Cir. 2014); *United States v.*

*Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999); *United States v. Santiago-Godinez*, 12 F.3d 722, 725–29 (7th Cir. 1993); *United States v. Johnson*, 32 F.3d 304, 307–08 (7th Cir. 1994). Accordingly, defendants should be required to submit a sufficient proffer of facts that would support presentation of an entrapment defense before such a claim is alleged during their opening statements or referred to during trial.

As the Seventh Circuit has explained, "[i]n order to obtain an entrapment instruction, a defendant must proffer evidence on both elements": "government inducement of the crime and a lack of predisposition on the part of the defendant." *United States v. Pillado*, 656 F.3d 754, 763 (7th Cir. 2011); *see also United States v. Plowman*, 700 F.3d 1052, 1057 (7th Cir. 2012) ("[T]o present an entrapment instruction to a jury, a defendant must be able to proffer sufficient evidence of both elements."); *United States v. Orr*, 622 F.3d 864, 868 (7th Cir. 2010) (holding that "the burden of persuasion" in an entrapment defense, like other affirmative defenses, is "placed squarely on the shoulders of the defendant claiming entrapment").

"Entrapment involves 'the apprehension of an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law.'" *Pillado*, 656 F.3d at 762–63 (quoting *Jacobson v. United States,* 503 U.S. 540, 553–54 (1992)). Defendants are only "entitled to an instruction on the entrapment defense" if "the evidence could support a finding" that they were "pushed by the government into committing a crime that they would not otherwise have done." *Stallworth*, 656 F.3d at 726.

Therefore, "[t]o raise an entrapment defense, a defendant must show: '(1) that he was induced by a government actor to commit the crime at issue; and (2) that he was not predisposed to commit that crime.'" *Id.* at 725 (quoting *United States v. Hall*, 608 F.3d 340, 343 (7th Cir. 2010)). A defendant's burden is to establish more than a scintilla of evidence, although the evidence need not be so substantial that, if uncontested, it supports a finding of entrapment as a matter of law. *Blassingame*, 197 F.3d at 280. If a defendant adequately establishes both elements of entrapment, the burden shifts to the government, who can rebut the entrapment defense by proving beyond a reasonable doubt either the absence of government inducement or the defendant's predisposition to commit the offense. *Pillado*, 656 F.3d at 764 (noting that "a request for an entrapment instruction may be rejected without considering government inducement"); *United States v. Millet*, 510 F.3d 668, 676 (7th Cir. 2008) (same).

The evidence in this case does not support a showing on either element. The government did not induce defendants Jones and Schimenti to commit any crime. As documented by the recorded conversations between the CHS and the defendants, the CHS did not ask the defendant to help him travel to join ISIS or to provide him will cell phones to use for explosives. Instead, on a few occasions, the CHS merely stated his purported desire to do these things, and the defendants, unprompted, offered to help. The CHS, at times, inquired with the defendants' regarding their offer after it had been made.

A motion *in limine* is the appropriate vehicle to address the need for defendants to make a pre-trial proffer demonstrating an evidentiary basis for an entrapment defense. As the Seventh Circuit has stated, "[m]otions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002); *see also Blassingame*, 197 F.3d at 279. Further, as the Supreme Court has concluded:

> The requirement of a threshold showing on the part of those who assert an affirmative defense to a crime is by no means a derogation of the importance of the jury as a judge of credibility. Nor is it based on any distrust of the jury's ability to separate fact from fiction. On the contrary, it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses. If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense.

*United States v. Bailey*, 444 U.S. 394, 416 (1980).

Defendants should not be able to burden and confuse the jury with testimony related to a non-existent entrapment defense unless they can meet their burden of production as to both elements. Therefore, defendants should be required to make a sufficient pre-trial showing that demonstrates an ability to introduce evidence both elements of entrapment before claiming in their opening statements or eliciting testimony that they were entrapped.

## II. Argument, Evidence, or Inquiry that May Encourage Jury Nullification

The government respectfully moves this Court to preclude the defendants from attempting to introduce evidence, make argument, or otherwise make statements designed to induce jury nullification.

It is improper for defendants to suggest in any way that the jury should acquit them even if it finds that the government has met its burden of proof. *See, e.g., Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) ("A defendant has of course no right to ask the jury to disregard the judge's instructions . . . A defense that the law he is charged with violating is a bad law that the jury should refuse to enforce is no defense at all.") (citing, *inter alia, Gibbs v. VanNatta,* 329 F.3d 582, 584 (7th Cir. 2003)) ("[A] defendant's lawyer is not permitted to argue to the jury that it should disregard the law; nor does the judge let on to the jury that it has the power to acquit in the teeth of the law."); *United States v. Bruce,* 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification is 'not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983)); *see also United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."); *see* Seventh Circuit Committee Federal Criminal Jury Instruction 1.01 (2012).

5

Although the government moves that the Court forbid all forms of argument designed to induce jury nullification, the government particularly moves the Court to expressly forbid the following forms of jury nullification.

### A. *Penalty for the Offense*

This Court should bar defendants from introducing evidence, making argument, or otherwise mentioning the potential penalties they each face if convicted. As the Supreme Court explained, "[i]t is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States,* 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). Accordingly, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." *Id.*

The Seventh Circuit has held that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored." *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000) (quoting *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997)); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("[T]he sixth amendment requires that a jury determine only questions of guilt or innocence; punishment is the province of the court."). Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has

6

long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."); *United States v. McCracken*, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."). Since evidence of the potential penalties faced by a defendant is irrelevant to the jury's responsibilities, mention of such penalties to the jury only serves the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.") (quoting *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980)); *United States v. Patterson*, 1996 WL 54237, at *1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification). Accordingly, this Court should preclude defendants from introducing evidence, making argument, or otherwise mentioning the penalty they face.

Similarly, the government asks this Court to preclude any argument, evidence, or inquiry as to the impact of defendants' conviction on any person, including their families. While the government acknowledges that defendants are permitted to introduce, through proper methods, limited testimony concerning their background, the government moves this Court to preclude evidence and argument regarding the impact of a conviction upon defendants' families. Such evidence is irrelevant to the

factual guilt of each defendant and is designed for no other purpose than to invoke improper appeals for jury nullification. Accordingly, such evidence or argument is properly excluded. *See, e.g.*, *United States v. D'Arco*, 1991 WL 264504, at *4 (N.D. Ill. 1991) (holding that "no testimony or argument will be allowed regarding the impact of the trial or possible conviction upon a family member"); *Shields*, 1991 WL 236492 at *4 (granting motion *in limine* precluding "any testimony regarding the possible impact which a conviction might have upon any family member").

### B. *Motivation for Investigation or Prosecution of this Case*

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174–76 (3rd Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). In addition, inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g.*, *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, that it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such evidence was irrelevant"). Accordingly, the government moves to exclude any argument, evidence or inquiry regarding the reasons why the government may have indicted the defendants.

### C. *Argument or Evidence of "Outrageous Government Conduct"*

Defendants cannot present evidence of "government misconduct," as such claims afford no defense to a criminal prosecution as a matter of law. *See United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) ("Outrageous government conduct is not a defense in this circuit."). The Seventh Circuit is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge; the jury thus should not be exposed to irrelevant allegations of this sort. *See United States v. Boyd*, 55 F.3d 239, 241–42 (7th Cir. 1995); *see also United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) ("All of the circuits that have considered the question have held that the issue of outrageous government conduct is not a jury question."); *United States v. White*, 519 F.3d 342, 346–47 (7th Cir. 2008); *United States v. Sherman*, 268 F.3d 539, 549–50 (7th Cir. 2001); *D'Arco*, 1991 WL 264504, at *3.

Nor should the defendants be permitted to offer evidence or argument about the government's decision to investigate them. *See United States v. Young*, 20 F.3d 758 (7th Cir. 1994) (government's failure to charge other defendants was irrelevant to the question of the guilt or innocence of the defendant on trial). If the defendants believe they have a "selective prosecution" defense, then that should be decided by this Court and not the jury. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (holding that the "selective prosecution" and "outrageous government" defenses are a matter of law for the district court, rather than an issue of fact for the jury); *accord United States v. Armstrong*, 517 U.S. 456, 463–64 (1996) (holding that a selective prosecution claims are "not a defense on the merits" and should only be

9

granted in extraordinary cases, because the "Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws"); *United States v. Mosley*, 965 F.2d 906, 909–10 (10th Cir. 1992) (noting that the circuits which recognize this "extraordinary defense" do so as a matter of law in the most "narrow" and "egregious circumstances"). Thus, courts routinely grant motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, *3 (N.D. Ill. Aug. 13, 1991); *see also United States v. Infelise*, 1991 WL 251654, at *1 (N.D. Ill. Nov. 14, 1991) (holding that "selective prosecution and outrageous government conduct must be resolved by the court and not the jury"); *United States v. Finley*, 708 F. Supp. 906, 913–914 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"); *United States v. Katz*, 1992 WL 137174, at *5 (N.D. Ill. 1992) ("[T]he government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous . . . .").

The introduction of this evidence would serve no purpose other than "to try some person other than the defendant[s] and some issue other than [their] guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted).

The "thrust of the defense" is this: "the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond reasonable doubt." *Id.* Defendants thus should be prohibited from offering any evidence or argument about the government's charging decision or any other perceived government misconduct.

### III. "Golden Rule" Argument

Defendants should not be permitted during their opening statements or closing arguments to ask the jury to place themselves in the shoes of the defendants or otherwise suggest to the jurors that they themselves could be on trial for the offense charged against the defendants. The Seventh Circuit found such an argument to be improper in *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) and in *United States v. Roman*, 492 F.3d 803, 805–06 (7th Cir. 2007). The Seventh Circuit held that such an argument, which it referred to as a "Golden Rule" argument, "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Roman*, 492 F.3d at 806 (quoting *Teslim*, 869 F.2d at 328). Accordingly, the government requests that defendants be prohibited from making any such argument in this matter.

### IV. Discovery Requests or Commentary on Discovery

The discovery disputes in this case touch on issues of national security and have been litigated before this Court. They are not, however, matters that should be brought before the jury. Neither party should request discovery from witnesses or

11

opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury, for such requests leave the impression that a party has suppressed information as a means of seeking an unfair advantage. Often, such requests are unfounded because the discovery has already been tendered or is not subject to disclosure. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government moves that requests for discovery or comments relating to discovery only be made outside the presence of the jury. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *2 (E.D. Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial."); *see also United States v. Gray*, 2010 WL 1258169, at *2–3 (N.D. Ind. 2010).

## V. Evidence of Defendants' Non-Pertinent Traits, Particularly Defendants' Past Compliance with the Law

The government respectfully moves the Court to exclude evidence of non-pertinent traits of defendants' character. Under Rule 404(a)(1), "[e]vidence of a *pertinent* trait of character offered by an accused" is admissible. Fed. R. Evid. 404(a)(1) (emphasis added). Since the rule only authorizes the admission of evidence for pertinent traits, the rule necessarily excludes from its scope any evidence of non-pertinent traits. Accordingly, the government moves to bar evidence of any non-pertinent character traits of the defendants.

Further, the government respectfully moves the Court to exclude all evidence of defendants' lawfulness and/or legal conduct, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Rule 405(a).[1] Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible.

In an effort to distract the jury from the charges at hand, a defendant may seek to parade witnesses through the courtroom to testify that on prior occasions the defendant followed the law or otherwise behaved as a lawful citizen. Any evidence or argument of this sort is inadmissible, and the Court should exclude it. The law is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Williams,* 205 F.3d 23, 34 (2d Cir. 2000) (quoting *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal activity)). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *See, e.g., United States v. Hill,* 40 F.3d 164, 168 (7th Cir. 1994) (affirming district court's decision to exclude evidence offered to prove defendant had a good character and acted in conformity therewith);

---

[1] Even evidence offered under Rule 405(a), of course, cannot include specific instances of good conduct; rather, such evidence is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct. *See* Advisory Committee Notes to Rule 405 (The rule "contemplate[s] that testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character. . . . Opinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.*, be confined to the nature and extent of observation and acquaintance upon which the opinion is based.").

*United States v. Camejo,* 929 F.2d 610, 612–13 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent.").

To the extent defendants intend to offer evidence regarding their character, they should be permitted to do so only in accordance with the limitations of Federal Rule of Evidence 405(a).

## VI. Definition of Reasonable Doubt

The Seventh Circuit has uniformly held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *See, e.g., United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (explaining that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury") (citations omitted); Committee Comment to Seventh Circuit Pattern Jury Instruction 1.04.

In *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1997), the Seventh Circuit affirmed the district court's decision to prevent defense counsel from explaining reasonable doubt to the jury. Explaining that "[t]he law is clear in this circuit that it is improper for attorneys to attempt to define the term," the Seventh Circuit noted that by preventing defense counsel's attempt to explain reasonable doubt, "[r]ather than abusing its discretion, the district court heeded our express command." *Id.* at 1035. *See also United States v. Alex Janows & Co.*, 2 F.3d 716, 723

(7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury.").

## CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court grant each one of the government's motions *in limine*.

Dated: May 6, 2019

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ G. David Rojas*
BARRY JONAS
RAJNATH LAUD
G. DAVID ROJAS
Assistant U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300