IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.  17 CR 236 |
| JOSEPH JONES and | ) | Judge Andrea Wood |
| ED SCHIMENTI, | ) | |
|     Defendant. | ) | |

**JOINT MOTION IN LIMINE TO PRECLUDE
THE GOVERNMENT FROM INTRODUCTING EXHIBITS AT TRIAL**

Now Comes Defendant, EDWARD SCHIMENTI, by his attorney JOSHUA B. ADAMS, and STEPHEN F. HALL, and JOSEPH JONES, by his attorney PATRICK E. BOYLE, and respectfully move, *in limine*, to bar the government from introducing certain exhibits from its proposed Exhibit List, pursuant to Federal Rules of Evidence 401 and 403.  In support of their motion, Mr. Schimenti and Mr. Jones state as follows.

**I.    Background**

The government charged Mr. Schimenti and his co-defendant with conspiring to provide material support to a terrorist organization, namely "ISIS," in violation of 18 U.S.C. § 2339B.  The government also charged Mr. Schimenti with knowingly making a materially false statement to investigators, in violation of 18 U.S.C. § 1001.  In advance of trial, the government has disclosed to the Defendants various exhibits which it plans to introduce into evidence during the trial of this case.  Dkt. No. 127-6.

This list of proposed exhibits is approximately 56 pages and includes screenshots from the Facebook or Google Plus accounts of Mr. Jones and Mr. Schimenti, text and/or photos posted by both Defendants on these same accounts, videos either posted by the Defendants or sent to

others via email, as well as audio clips from in-person communications, and transcripts of that audio. Some of these exhibits are not relevant to the trial of the charges in this case, others are arguably relevant but whose relevance is substantially outweighed by the danger of unfair prejudice. For the reasons set forth below, Defendants Schimenti and Jones object to some of the exhibits and move *in limine* for those exhibits to be barred from introduction by the government.

**II.     Argument**

In this case, the government charged Mr. Jones and Schimenti with violations of 18 U.S.C. § 2339B, and Mr. Schimenti with a violation of 18 U.S.C. § 1001. Many of the proposed exhibits offer no relevance to proof of the charges, and worse, the probative value of many exhibits are outweighed by the danger of crippling unfair prejudice. In an effort to prove its case, the government seeks to admit into evidence to which the Defendants object, including those listed as follows:

- SS 03 – Screenshot of Edward Schimenti's Google Plus Account dated 4/23/2015 "Kuffar we are coming to slay you"

- SS 04 – Screenshot of Edward Schimenti's Google Plus Account dated 4/23/2015 "They have no one"

- SS 07 – Screenshot of Edward Schimenti's Google Plus Account dated 7/7/2015 "Slaughter the Pagans Next to You"

- SS 08 – Screenshot of Edward Schimenti's Google Plus Account dated 7/7/2015 "Jihad the Forgotten Obligation"

- SS 14 – Screenshot of Edward Schimenti's Facebook Page dated 12/10/2014 "I like to spread Islam"

- Video 01 – The Glare of the Caliphate

- Video 03 – Video of Car Bomb Shown to Edward Schimenti and Joseph Jones by the CHS

- Various audio recordings with prejudicial information, including mention of Mr. Schimenti spending time in prison

Dkt. No. 127-6. The government has offered these exhibits, among others, with a good faith belief that they are relevant and admissible. That belief, however, cannot be squared with the elements of the charges they must prove.

### a. The Government's proposed exhibits are not relevant to a prosecution for alleged violations of 18 U.S.C. §§ 2339B or 1001

Evidence is relevant if it has any tendency to make a fact more probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401. To be relevant, "evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014), *citing, Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006)(internal citations omitted).

### i. The offered exhibits are not relevant to proving a conspiracy to provide material support to terrorism

In order to prove Mr. Schimenti's violation of § 2339B, the government must demonstrate that Mr. Schimenti: 1) knowingly, 2) provided (or attempts or conspires to do so) material support or resources, 3) to a foreign terrorist organization. Although there has been significant argument on the issue of the requisite *mens rea* for proof of offering material support of terrorism, courts in the Seventh Circuit seemed to have settled certain disputes. "'Knowingly,' the key term in analyzing the level of *mens rea, e.g. United States v. Bailey*, 444 U.S. 394 … (1980), could be read in either of two ways: (1) as modifying only the verb 'provides,' or (2) as modifying 'provides' as well as the remaining elements in the statute." *United States v. Marzook*, 383 F.Supp.2d 1056, 1069 (N.D. Ill. 2005), citing *Liparota v. United States*, 471 U.S. 419, 420-21 (1985). Ultimately, the *Marzook* court held that, for a defendant to be found guilty of violating § 2339B, s/he must know that the recipient of any support is an FTO

or that the recipient is engaged in terrorist activities, but does not require proof that a "donor specifically intended to further an FTO's terrorist activities." *Id*. at 1070.

In that effort, it is difficult to see how screenshots of internet memes ("an idea, image, video, etc. that is spread very quickly on the internet," Cambridge Dictionary) advance the inquiry of whether Mr. Schimenti or Mr. Jones offered material support to a terrorist organization. Indeed, some of the screenshots listed above, including SS 03, SS 04, SS 07, and SS 08, prove nothing with respect to any element of a violation of § 2339B. The government does not claim that either Mr. Schimenti or Mr. Jones created this content. Moreover, there is no argument that these images somehow prove that either Defendant offered to support to any particular organization. Rather, these materials appear to be offered simply to prejudice the jury against Messrs. Jones and Schimenti, as is further discussed below.

The same argument can be made to preclude Video 01 and Video 03. These videos were not created by the Defendants nor did the defendants use the videos to further the alleged conspiracy to support terrorism. The latter video, Video 03, was actually shown to the Defendants by the CHS. The potential prejudice Mr. Schimenti and Mr. Jones will suffer if the jury views these violent and inflammatory images is immeasurable. Showing the jury videos of death, destruction and abject violence do nothing to support any element of the government's case. It is merely meant to inflame the passions of the jury and convict the defendants out of fear, hatred and prejudice. There is little argument that these exhibits aid the government in proving a violation of § 2339B, and should be excluded from trial.

4

### ii. The offered exhibits are irrelevant to proving a violation of Section 1001

Similarly, Mr. Schimenti objects to these exhibits on the basis that they are not relevant to a § 1001 charge. Section 1001 provides:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1001. "It is uncontested that conviction under this provision requires that the statements be 'material' to the Government inquiry, and that 'materiality' is an element of the offense that the Government must prove." *United States v. Gaudin*, 515 U.S. 506, 509 (1995). For the statement made to be material, it must have a "natural tendency to influence, or [be] capable of influencing, the decision of the decision making body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770 (1988).

How do videos of death and violence, or internet memes related to ISIS relevant to any of the elements charged in the indictment? None of these exhibits are directed at all to proving a violation of § 1001. Again, these exhibits are specifically included to demonstrate Mr. Schimenti's viewpoints on unpopular, radical Muslim ideas.

Moreover, it is important to note that by introducing these exhibits, the government is in effect criminalizing Mr. Schimentis' First Amendment rights. Mr. Schimenti may posses morally reprehensible viewpoints. He may enjoy violent videos and rhetoric. However, none of Mr. Schimenti's actions on social media tend to prove any elements charged in the indictment. In one sense, they bring more heat than light. There is a real danger the jury may convict Mr. Schimenti on his viewpoints alone.

Because they have no relevance to proving a violation of § 1001, these exhibits should be excluded from the trial of this matter.

### b. Even if the government's proposed exhibits are relevant, this Court should exclude them pursuant to Federal Rule of Evidence 403

Even if this Court finds certain evidence to be relevant, such evidence may still be excluded based on a variety of concerns. Fed. R. Evid. 403. Rule 403 of the Federal Rules of Evidence provides that: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…." *Id.* Here, the concern in presenting evidence of inflammatory internet memes and videos is that such evidence not only has negligible probative value, but that value is substantially outweighed by the danger of unfair prejudice.

As explained above, the exhibits to which the Defendants offer objections are generally inflammatory internet memes, horrific videos of violence by others, and audio in which Mr. Schimenti's prior service of a prison sentence are mentioned. The Defendants are at a loss as to what, if any, relevance these exhibits have. Beyond that, however, the Defendants can see no way in which the minimal probative value of these exhibits does anything other than inflame the emotions of the jury – indeed, they seemed to be offered for that purpose alone. For these reasons, the Defendants seek to bar their use at trial.

### III. Conclusion

Wherefore, Defendants Schimenti and Jones respectfully request that this Court bar the government from introducing certain exhibits at trial, as discussed above.

Respectfully submitted,

| | |
|---|---|
| s/ Joshua B. Adams | s/ Patrick E. Boyle |
| Joshua B. Adams | Patrick E. Boyle |
| Counsel for Edward Schimenti | Counsel for Joseph Jones |

s/ Stephen F. Hall
Stephen F. Hall
Counsel for Edward Schimenti

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312) 566-9173

### CERTIFICATE OF SERVICE

I, Joshua B. Adams, an attorney, certify that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document: JOINT MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM INTRODUCING EXHIBITS AT TRIAL was served on, May 6, 2018, to all parties of record via the CM/ECF system.

s/ Joshua B. Adams

Joshua B. Adams