IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 17-cr-00236 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JOSEPH JONES and EDWARD SCHIMENTI | ) ) | |

**ORDER**

    Motion I of the Government's Consolidated Motions *in Limine* [132] is granted as to evidence or arguments alleging mental defect and public authority but denied as to evidence or arguments alleging coercion or entrapment. Defendants' joint motion *in limine* [134] is denied. See the accompanying Statement for details.

**STATEMENT**

    Defendants Joseph D. Jones and Edward Schimenti have been charged with conspiring with each other to provide and attempt to provide material support and resources to the Islamic State of Iraq and al Sham ("ISIS"), a foreign terrorist organization ("FTO"), in violation of 18 U.S.C. § 2339B(a)(1), among other charges. Trial in this case is scheduled to commence on May 28, 2019. This Court previously ruled on all but one of the Government's motions *in limine*. (*See* Dkt. No. 153.) Now before the Court is the Government's remaining motion ("Motion I") (Dkt. No. 132) and Defendants' joint motion *in limine* to preclude the Government from introducing certain exhibits at trial (Dkt. No. 134).

I.

    Motion I seeks to bar Defendants from introducing evidence or making arguments alleging mental defect, public authority, coercion, or entrapment. As a preliminary matter, Defendants do not object to the Government's motion as it relates to evidence and argument regarding mental defect or public authority. The motion is thus granted as to those two topics. Defendants do, however, seek to present an entrapment defense and argue coercion by members of law enforcement, and accordingly they object to that portion of Motion I.

    "Entrapment is a defense to criminal liability when the defendant was not predisposed to commit the charged crime before the intervention of the government's agents and the government's conduct induced him to commit it." *United States v. Mayfield*, 771 F.3d 417, 420 (7th Cir. 2014). The entrapment defense consists of two elements: (1) lack of predisposition and (2) government inducement. *See id.* "[T]he two elements are formally distinct but related in the sense that inducement is evidence bearing on predisposition: the greater the inducement, the weaker the inference that in yielding to it the defendant demonstrated that he was predisposed to commit the crime in question." *Id.* at 430 (internal quotation marks omitted).

Generally, entrapment is "a fact question for the jury to decide 'as part of its function of determining the guilt or innocence of the accused.'" *Id.* at 439 (quoting *Sherman v. United States*, 356 U.S. 369, 377 (1958)). At trial, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant was predisposed to commit the criminal act before he was approached by government agents. *Id.* But when faced with a pretrial motion *in limine* to preclude the defense, the defendant must show that he is entitled to present an entrapment argument to the jury. *Id.* at 440. The defendant's pretrial burden of proof is "not great," as he need only proffer "some evidence that the government induced him to commit the crime and he was not predisposed to commit it." *Id.* In evaluating whether there is "evidence in the record that would allow a rational jury to conclude that [the defendant] was entrapped," the Court must credit that defendant's proffer, not the government's. *Id.* at 420, 440.

In this case, the Court first finds that Defendants have provided sufficient evidence of lack of predisposition. Predisposition refers to "the likelihood that the defendant would have committed the crime without the government's intervention, or actively wanted to but hadn't yet found the means." *Id.* at 436. "Importantly, predisposition is measured **prior to** the government's attempts to persuade the defendant to commit the crime." *Id.* (emphasis in original). According to Defendants, neither of them took any affirmative steps to assist an FTO prior to meeting the Government's confidential informant—they never expressed any willingness to engage in violence nor did they obtain cell phones to be used as detonators. While Schimenti may have voiced his support for ISIS on social media, including serving as the moderator of a Facebook group consisting of individuals sympathetic to ISIS, he never solicited or inquired about the possibility of meeting anyone offline or providing any support to ISIS.

Moreover, regarding the element of predisposition, the Seventh Circuit has instructed district courts to inquire whether the defendant is "so situated by reason of previous training or experience or occupation or acquaintances that it is **likely** that if the government had not induced him to commit the crime some criminal would have done so." *United States v. Hollingsworth*, 27 F.3d 1196, 1200 (7th Cir. 1994) (en banc) (emphasis added). Here, Defendants did not have any special training, know anyone affiliated with ISIS, or have a history of political violence. Defendants' proffer thus contains some evidence that they were not predisposed to commit the crimes with which they have been charged.

Defendants also have satisfied the standard for showing government inducement. For example, in December 2015, an undercover agent asked Schimenti if he wanted to "rock it out," which Schimenti interpreted to be an invitation to commit a violent act. Schimenti refused, walked out of the meeting, and told Jones that he never wanted to see those people again. Despite its lack of success, the Government persisted in targeting Schimenti through the confidential human source ("CHS"). Similarly, Jones's *ex parte* submission details several unsuccessful efforts by the Government to convince Jones to admit his desire to support terrorism. Jones also indicates that on multiple occasions, the Government tried but failed to persuade him to commit unlawful acts. The Government began targeting Jones in April 2015, but it was not until several months later (after the Government adjusted its strategy) that it finally succeeded in inducing Jones to act.

Ultimately, the Government's conduct in this case spanned 18 months and included not only the CHS but five additional undercover officers that played various roles. As part of the

Government's efforts, the CHS befriended Schimenti over time, with their relationship beginning as mere coworkers then evolving into a friendship. As part of his manufactured friendship with both Schimenti and Jones, the CHS played to their sympathies by claiming that he was a refugee whose family was trapped in Syria. The CHS also sought to gain their trust by expressing his shared devotion to Islam and specifically telling Schimenti that they were the only Muslims in their workplace. The Court finds that this evidence could support a finding that the Defendants were "pushed by the government into committing a crime that they would not otherwise have done." *United States v. Stallworth*, 656 F.3d 721, 726 (7th Cir. 2011).

In sum, Defendants have proffered enough evidence to justify presenting the issue of entrapment to the jury. "[Their] story may be false or unpersuasive, but that's for the jury to decide." *Mayfield*, 771 F.3d at 420.

## II.

Defendants have filed a motion *in limine* to bar certain of the Government's exhibits—specifically, various screenshots from Schimenti's Google Plus account (Government's Exhibits SS 03, 04, 07, 08, and 14), an ISIS video that Jones shared on social media (Video 01), and an ISIS video shown to Defendants by the CHS (Video 03).[1] Defendants' motion is rooted in Federal Rules of Evidence 401 and 403, characterizing the exhibits as irrelevant and unfairly prejudicial. Rule 401 provides that evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "To be relevant, evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006) (internal quotation marks omitted). In a similar vein, Rule 403 gives the Court discretion to exclude evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Evidence is considered unfairly prejudicial if "its admission makes it likely that the jury will be induced to decide the case on an improper basis . . . rather than on the evidence presented." *Thompson*, 472 F.3d at 456.

Given Defendants' anticipated entrapment defense, the Court finds that neither Rule 401 nor Rule 403 warrants the exclusion of the Government's Exhibits. Under Rule 401, Defendants have not shown that the exhibits are irrelevant. As the parties acknowledge in their briefing, an essential element of proving entrapment is lack of predisposition, and Defendants' social media postings about ISIS may be relevant to their predisposition to provide support for that organization. As for Rule 403, the Court is similarly unconvinced that the probative value of the exhibits is outweighed by the danger of unfair prejudice to Defendants. If Defendants put at issue their predisposition to commit the charged acts, they cannot then claim prejudice when the Government rebuts that claim using their own online conduct. Therefore, the Court denies Defendants' motion *in limine* to bar the Government's exhibits. In so holding, however, the

---

[1] Defendants also seek to preclude the introduction of various audio recordings with prejudicial content, including mention of Schimenti's time in prison. The Government has indicated that it does not intend to introduce evidence reflecting Schimenti's time in prison, and Defendants have not identified any other specific exhibits they wish to exclude. Therefore, the request is denied as moot.

Court does not mean to suggest that all the Government's exhibits will be admitted at trial regardless of number and manner of use—at a certain point, introducing additional exhibits displaying Defendants' social media activity will become cumulative and irrelevant. However, at this point, the Court will not bar the Government from introducing such evidence pretrial.

### III.

In sum, the Government's motion in limine as to evidence or arguments alleging entrapment and coercion is denied. As explained above, Motion I is otherwise granted as to mental defect or public authority. Defendants may present an entrapment defense, and the Court will give a corresponding jury instruction subject to the evidence presented at trial. Furthermore, Defendants' joint motion *in limine* to preclude the Government from introducing certain exhibits at trial is denied.

Dated: May 25, 2019

Andrea R. Wood
United States District Judge