IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 CR 236 |
| JOSEPH JONES, and | ) | Judge Andrea Wood |
| ED SCHIMENTI, | ) | |
| Defendants. | ) | |

**EDWARD SCHIMENTI'S AND JOSEPH JONES' MOTION TO
CONTINUE POST-TRIAL MOTIONS
BASED ON NEWLY DISCOVERY EVIDENCE**

Now Comes Defendants, EDWARD SCHIMENTI, by his attorneys JOSHUA B. ADAMS, and STEPHEN F. HALL, and JOSEPH JONES by his attorney PATRICK E. BOYLE and respectfully requests this honorable court extend the filing date for post-trial motions until the government tenders discovery relevant to the issues raised in this motion. Additionally, counsel requests an evidentiary hearing based on the issues raised in this motion. In support of their motions, Mr. Jones and Mr. Schimenti state the following.

1. Post-Trial Motions are due on October 25, 2019.

2. On Wednesday night, October 23, 2019, the government disclosed a proverbial bombshell to defense counsel. In an email, the government stated that the FBI paid the CHS, otherwise known as "Muhamed" $50,000 after the jury's verdict.

3. The government further stated that it never discussed payment with Muhamed and that he was unaware of the $50,000 payment until it was made. The government does not state when the payment was made, or whether the testifying case agent had knowledge of this pending windfall to Muhamed at the time of her testimony.

1

4. Based on this disclosure, it appears as if the government either paid the witness for his testimony or this payment served as a bonus based on the guilty conviction. This is drastically different than a CHS who is paid for his work during the course of the investigation. Such payments are generally contemplated and disclosed either in the criminal complaint or in Rule 16.1 disclosures.

5. Plainly put, this new revelation inordinetly undercuts the confidence in the verdict and serves as direct impeachment of the government's position that "Muhamed" merely acted as a CHS to serve his country.

6. In fact, based on this new evidence, this could not be further from the truth. $50,000 is more than some government employees make as a yearly salary. See https://www.fbiagentedu.org/salaries/ (last visited 10/24/2019).

7. The government's failure to accurately disclose this information raises significant *Brady* and *Giglio* issues that not only undermine the jury verdict but cast a long cloud over the testimony of both the case agent and CHS.

8. If it is not the government's practice to pay CHS's a fee after their testimony to avoid an impeachment on credibility, this is a frightening revelation. If that is in fact the case, the jury deserved to hear so.

*9.* Mr. Schimenti and Mr. Jones further request all discovery relevant to this $50,000 payment be disclosed to counsel immediately. Counsel will file an accompanying motion for disclosure within the next 24 hours.

*10.* Other than this newly divulged fact, Mr. Schimenti's and Mr. Jones' briefs are completed and ready to file on October 25, 2019.

11. Counsel requires the above requested discovery to make a full and thorough record related to the government's knowledge of this payment, and to conduct an evidentiary hearing related to the timing, or lack thereof, of this five figured bonus to a government informant after a jury returned a guilty verdict.

**CONCLUSION**

For the foregoing reasons, Mr. Schimenti and Mr. Jones respectfully request that this Honorable Court enter an order continuing post-trial motions.

Respectfully submitted,

/s/Joshua B. Adams
Joshua B. Adams
Counsel for Ed Schimenti

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604
(312)566-9173
Josh@Adamsdefenselaw.com

/s/Patrick Boyle
Patrick Boyle
Counsel for Joseph Jones